# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:05-CR-0145** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **DEOMEDIS SORRENO-PEREZ** | : | |

## ORDER

AND NOW, this 24th day of August, 2005, following a plea hearing during which the court refused defendant's plea of guilty on grounds that he apparently did not understand the nature of the charges against him, see FED. R. CIV. P. 11(b), and it appearing from the court's observations of defendant that defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him,[1] see United States v. Leggett, 162 F.3d 237, 241 (3d Cir. 1998) (discussing competency), and the court finding that reasonable cause exists to hold a hearing to determine the mental competency of defendant and to commit defendant, in advance of the hearing, to the custody of

---

[1] It was clear from defendant's interactions with the court and counsel that defendant had difficulty in understanding the nature or basis of the charges against him or, indeed, in engaging in any rational dialogue. His statements to the court were disjointed, unresponsive, and sometimes unintelligible. He was not combative, but he often interrupted the court's questioning with unrelated inquiries and unnecessary explanations. Simply put, he appeared unable to comprehend or focus on the events transpiring around him. These observations, and a review of defendant's criminal history, which includes incidents possibly suggesting mental imbalance, raised serious questions regarding his competency. see United States v. Leggett, 162 F.3d 237, 241 (3d Cir. 1998) (discussing factors relevant to determination of competency).

the Attorney General for placement in a suitable facility for purposes of a psychiatric or psychological examination to be conducted by a licensed or certified psychiatrist or psychologist, see 18 U.S.C. § 4241(a), (b); see also Leggett, 162 F.3d at 241, it is hereby ORDERED that:

1. Defendant is committed to the custody of the Attorney General for a reasonable period of time, not to exceed thirty (30) days, for placement in the closest suitable facility for the purpose of a psychiatric or psychological examination to be conducted by a licensed or certified psychiatrist or psychologist. See 18 U.S.C. §§ 4241(b), 4247(b).

   a. The United States Marshal shall forthwith make arrangements to transport defendant to the facility designated by the Attorney General.

   b. When such examination is completed, defendant shall be returned forthwith to the custody of the United States Marshal, subject to further order of this court.

   c. The period of commitment provided in this order shall not commence until the date on which defendant arrives at the facility designated by the Attorney General.

2. A psychiatric or psychological report shall be prepared by the examining psychiatrist or psychologist. See 18 U.S.C. §§ 4241(b), 4241(c).

   a. The psychiatric or psychological report shall be filed with the court, with copies provided to counsel for defendant and the attorney for the government. See 18 U.S.C. §§ 4241(b), 4241(c).

   b. The psychiatric or psychological report shall include:

      i. the person's history and present symptoms;

      ii. a description of the psychiatric, psychological, and medical tests that were employed and their results;

      iii. the examiner's findings; and

        iv.    the examiner's opinions as to diagnosis, prognosis, and whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  See 18 U.S.C. §§ 4241(b), 4241(c).

3.    A hearing to determine the mental competency of defendant shall be held at a date and time to be scheduled by future order of court, following receipt of a psychiatric or psychological report on defendant.  See 18 U.S.C. §§ 4241(c), 4247(d).

                                                  S/ Christopher C. Conner
                                                 CHRISTOPHER C. CONNER
                                                 United States District Judge