# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. 1:05-CR-0145** |
| : | |
| **v.** : | **(Judge Conner)** |
| : | |
| **DEOMEDIS SORRENO-PEREZ** : | |

## ORDER

AND NOW, this 21st day of November, 2005, upon consideration of the hearing held today to determine defendant's mental competency to stand trial, see 18 U.S.C. §§ 4241(c), 4247(d), and it appearing that the psychological evaluation opined that defendant currently suffers from a mental disease and is incompetent to stand trial because defendant does not possess a rational or factual understanding of the proceedings against him, does not have the capacity to assist counsel in his defense, and cannot rationally make decisions regarding legal strategy, and that there is no evidence to the contrary, and the court finding by a preponderance of the evidence that defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, see 18 U.S.C. § 4241(d), and it further appearing that jury selection in the above-captioned case is currently scheduled for December 5, 2005 (see Doc. 26), it is hereby ORDERED that:

1. Defendant is committed to the custody of the Attorney General. The Attorney General shall hospitalize defendant for treatment in a suitable facility for a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial

        probability that in the foreseeable future defendant will attain the capacity to permit the trial to proceed.  See 18 U.S.C. § 4241(d).

        a.    The United States Marshal shall forthwith make arrangements to transport defendant to the facility designated by the Attorney General.

        b.    The period of commitment provided in this order shall not commence until the date on which defendant arrives at the facility designated by the Attorney General.

        c.    The Attorney General shall forward a copy of this order to the director of the designated facility and shall file proof thereof with the court, along with the name of the designated facility and its director.

        d.    The director of the facility shall inform defendant of any rehabilitation programs available in that facility.  See 18 U.S.C. § 4247(e)(2).

2.    Within the reasonable period of time, not to exceed four months, the director of the facility shall file a report with the court indicating whether defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, along with a certificate to that effect, see 18 U.S.C. § 4241(e), or whether there is a substantial probability that in the foreseeable future defendant will attain the capacity to permit the trial to proceed, see 18 U.S.C. § 4241(d).

        a.    If the director certifies that defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the Clerk of Court shall send a copy of the certificate to counsel for defendant and the attorney for the Government.  Thereafter, a hearing to determine the mental competency of defendant shall be held at a date and time to be scheduled by future order of court.  See 18 U.S.C. §§ 4241(e), 4247(d).

        b.    If the director determines that there is a substantial probability that in the foreseeable future defendant will attain the capacity to permit the trial to proceed, defendant shall remain hospitalized for treatment for an additional reasonable period

>> of time upon a finding by the court that there is a substantial probability that within such additional period of time defendant will attain the capacity to permit the trial to proceed. See 18 U.S.C. § 4241(d)(2)(A). The director shall submit to the court semiannual reports. See 18 U.S.C. §§ 4247(e)(1)(A). If necessary, the court shall conduct an additional hearing on the status of defendant's competency.

3. If the director of the facility determines that there is *not* a substantial probability that in the foreseeable future defendant will attain the capacity to permit the trial to proceed, the director shall report in accordance with 18 U.S.C. §§ 4246(a), including the issue of whether defendant is presently suffering from a mental disease or defect which would create a substantial risk of bodily injury to another person or serious damage to the property of another and whether suitable arrangements for state custody and care are available. See 18 U.S.C. § 4246(a).

   a. If applicable, the director shall file a certificate, in accordance with 18 U.S.C. § 4246(a), with the clerk of court for the district in which defendant is confined, who shall send a copy to defendant, the attorney for the Government, and the Clerk of Court for the United States District Court for the Middle District of Pennsylvania. See id.

   b. Upon receipt of such certificate, a hearing to determine whether defendant is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another shall be held at a date and time to be scheduled by future order of court. See 18 U.S.C. §§ 4246(a), (c), 4247(d). Prior to the hearing, the court may order that a supplemental psychiatric or psychological examination of the defendant be conducted, and that such psychiatric or psychological report be filed with the court. See 18 U.S.C. §§ 4246(b), 4247(b), (c).

4. Jury selection in the above-captioned case is STAYED pending further order of court. See 18 U.S.C. § 3161(h)(4) (providing for the exclusion of "[a]ny period of delay resulting from the fact that the defendant is mentally incompetent" from the computation of the time within which the trial must commence).

       S/ Christopher C. Conner
       CHRISTOPHER C. CONNER
       United States District Judge